Per Curiam.

Motion to dismiss appeal granted and appeal dismissed. The dissent at the Appellate Division was not on a question of law in favor of the appellant within the meaning of CPLR 5601 (subd [a], par [i]). Plaintiff attempted to assert jurisdiction over the persons of the defendants and, through an attachment, over their property. Special Term ordered the complaint dismissed on the grounds that personal jurisdiction was lacking (CPLR 302; 3211, subd [a], par 8) and, as to the remaining quasi-in rem jurisdiction, that New York was not a convenient forum for the resolution of this dispute (CPLR 327). The Appellate Division affirmed the order, with two *339 Justices dissenting. The dissent stated that objections to personal jurisdiction had been waived and that the complaint should have been dismissed solely for forum non conveniens. Therefore, the dissent advocated a slight modification of the order of Special Term to delete the portion of the order dismissing the complaint for want of personal jurisdiction.
It is apparent that the minority view was styled a dissent for technical reasons only. In actuality, the Appellate Division minority concurred in the result but on only one of two alternative grounds.
CPLR 5601 was amended in recent years (e.g., L 1969, ch 999; L 1971, ch 44; L 1973, ch 95) to confine appeals as of right to situations where disagreement in the courts below would indicate the existence of debatable issues of law that would be reviewable by the Court of Appeals. (See Memorandum of the Court of Appeals, 1969 NY Legis Ann 1, 2; see, also, 1973 NY Legis Ann 20.) While it is true that the dissent here expressed limited agreement with one argument of the appellant, the ultimate resolution advocated by the dissent, dismissal of the complaint for forum non conveniens, was scarcely in his favor. The history and purpose of this amendment to CPLR 5601 leads us to view the statutory dissent requirement in a practical, not literal, sense. The ultimate measure of the substance of a minority viewpoint is not whether it articulates some agreement with the appellant’s position, but, instead, whether the minority would have determined the appeal substantially in his favor. Only when the minority has given appellant the benefit of its vote, as well as the benefit of its views, may it be said that there is actual disagreement sufficient to indicate the existence of a debatable law issue. Since, in this case, all of the Justices below advocated the dismissal of the complaint, it cannot be said that a technical dissent, substantively closer to a concurrence, should generate an appeal as of right.
Furthermore, the constitutional question articulated by appellant is not substantial. There is no constitutional impediment to the application of the doctrine of forum non conveniens to a New York resident.
Motion to dismiss the appeal herein granted and the appeal dismissed, with costs and $20 costs of motion.